529 So.2d 732 (1988)
John H. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
Joel SUMLIN, Appellant,
v.
STATE of Florida, Appellee.
James DAVIS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 87-0631, 87-0634 and 87-0741.
District Court of Appeal of Florida, Fourth District.
June 29, 1988.
On Petition for Rehearing August 31, 1988.
Richard L. Jorandby, Public Defender, Kathleen P. Smyth and Gary Caldwell, *733 Asst. Public Defenders, West Palm Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We sua sponte consolidate these three appeals and reverse the trial court's order denying appellants' motion to suppress.
The following excerpt from the order is the focus of this appeal:
The court is troubled by Detective Robataille's omissions and errors in this case, but finds that these were not the result of bad faith. Since the purpose of the exclusionary rule is merely to deter the police from further invasions of privacy, a good faith exception is applicable in those cases where officers apply for and receive a facially valid warrant. Such rule from U.S. v. Leon, [468 U.S. 897] 104 S.Ct. 3405 [82 L.Ed.2d 677] (1984) and U.S. v. Williams, 622 F.2d 830 (5th Cir.1980) compels the Court to deny all the motions to suppress. Were Leon's good faith exception not to apply to wiretap cases, then under the totality of the circumstances the Court would suppress all taped conversation. [emphasis added]
In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court carved out an exception to the exclusionary rule holding that suppression of evidence obtained pursuant to a search warrant was not justified in cases where evidence is obtained pursuant to a police officer's objectively reasonable reliance on a magistrate's determination of probable cause even where the search warrant is ultimately found to be unsupported by probable cause. The Leon court retained the rule set forth in Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), which held that suppression remained an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.
By stating that absent the good faith exception articulated in the Leon case, he would have suppressed all taped conversation, the trial court in the case at bar was referring to the fact that the affidavit presented to secure the wiretap authorization, by virtue of its numerous omissions and misrepresentations, was unsupported by probable cause and that the other statutory violations by the police, including inadequate minimization and failure to utilize more extensive investigative techniques, compelled the suppression of the evidence. Thus, the sole issue becomes whether the rationale of Leon dealing with evidence obtained through a search warrant should also apply to cases involving evidence obtained through a court-authorized wiretap where it is found that the affidavit on which the wiretap order was based is shown to be defective, notwithstanding good faith by the police officer who drafted the affidavit.
Although Leon's applicability to cases involving wiretap evidence obtained on the basis of an affidavit lacking in probable cause is to be considered here for the first time in Florida, it has already been addressed in several other jurisdictions. In United States v. Spadaccino, 800 F.2d 292 (2d Cir.1986), the district court ruled that there had been a violation of the post-interception notice requirement of Connecticut's Wiretap Statute[1] but denied suppression on the basis of the good faith exception to the exclusionary rule announced in Leon. On appeal, the court held that Leon's good faith exception is inapplicable to excuse a violation of the state statute. In explaining its decision the court observed that in determining the nature of the rights to be protected, the conduct that constitutes a statutory violation, and the remedy warranted by a violation, "it is appropriate to look to the terms of the statute and the intentions of the legislature, rather than to invoke judge-made exceptions to judge-made rules." (emphasis added) Spadaccino, 800 F.2d at 296 (citing United States v. *734 Giordano, 416 U.S. 505, 527, 94 S.Ct. 1820, 1832, 40 L.Ed.2d 341 (1974)). The court cited State v. Formica[2] which held that failure to meet the post-interception notice requirement of the state statute required the suppression of evidence derived from a wiretap order. Noting that the intention manifested by the legislature is entitled to deference from the courts, the Second Circuit concluded that "the district court was not entitled to engraft upon the notice requirement of the Connecticut wiretapping statute an exception for actions of law enforcement officers carried out in good faith." Spadaccino, 800 F.2d at 296. While holding that Leon's good faith exception did not excuse the government's violation of the state's wiretapping statute, the Spadaccino court nevertheless affirmed the district court's denial of the motion to suppress on the basis that the rule announced in Formica should not be applied retroactively in the Spadaccino case.[3] In United States v. Orozco, 630 F. Supp. 1418 (S.D.Cal. 1986), the district court rejected the Government's contention that Leon should extend the good faith exception to 18 U.S.C. § 2510, the federal equivalent of Florida's Wiretap Statute. The Orozco court cited § 2515 which expressly states that evidence derived from wire or oral communications intercepted in violation of 18 U.S.C. §§ 2510-2520, may not be used in any proceeding before any court. Observing that Congress has not attempted to modify this remedy in the wake of the Leon decision and noting further that the Leon decision does not suggest that the Supreme Court would attempt to create an exception to a statutorily-imposed remedy, the court declined "the government's invitation to forego the probable cause analysis in this case on the basis that agents intercepted the communications in good faith reliance on the intercept orders." Id. at 1522. See also United States v. Buck, No. 84 Cr. 220-CSH (S.D.N.Y. Oct. 24, 1986) (available on WESTLAW 1986 WL 12533). (Leon should not apply when a state statute specifically provided for suppression where substantive search and seizure procedures were violated.) Finally, the issue of Leon's applicability was raised in United States v. Barker, 623 F. Supp. 823 (D.C.Colo. 1985). Concluding, however, that the wiretaps were valid, the court did not have to reach the issue of whether the exclusionary rule would apply.
These cases essentially hold that because Leon dealt solely with a judicially-created remedy to the judicially-created exclusionary rule, it should not be applied in a case which focuses on the legislatively-created wiretap statute which contains within itself, the statutorily-mandated remedy of suppression of evidence for government violations of its strict requirements.
In Florida, the legislature has unequivocally announced its intention to suppress evidence obtained in violation of chapter 934 in several separate provisions of that chapter. For example, section 934.01(2), Florida Statutes (1985), provides:
In order to protect effectively the privacy of wire and oral communications, to protect the integrity of court and administrative proceedings ... it is necessary for the Legislature to define the circumstances and conditions under which the interception of wire and oral communications may be authorized and to prohibit any unauthorized interception of such communications and the use of the contents thereof in evidence in courts and administrative proceedings. [emphasis added]
Suppression of evidence obtained from an illegally obtained wiretap is further mandated by section 934.06, Florida Statutes (1985):

*735 Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department ... if the disclosure of that information would be in violation of this chapter. [emphasis added]
By setting forth in unequivocal language that the suppression of evidence is the consequence of an illegal wiretap, the Legislature removed from judicial purview, the authority to alter the statutory scheme by creating a good faith exception. It is significant to note that the Legislature has not amended the provisions requiring suppression although four years have now elapsed since the issuance of the Leon decision.
Courts have consistently construed chapter 934 to compel ipso facto suppression of evidence obtained through illegal wiretaps. Reference to such exclusion for violations of section 934.06, Florida Statutes, appears in this court's opinion in Inciarrano v. State, 447 So.2d 386 (Fla. 4th DCA 1984), quashed on other grounds, 473 So.2d 1272 (Fla. 1985). See also Bagley v. State, 397 So.2d 1036 (Fla. 5th DCA 1981) (trial court erred in denying appellant's motion to suppress contents of illegally intercepted wire communications).
Based on the foregoing authority, we believe that the trial court erred in denying the motion to suppress based solely on the conclusion that Leon's good faith exception should extend to the probable cause requirements of chapter 934.
Accordingly, we reverse and remand with directions that the motions to suppress be granted in accord with the findings of fact of the trial court and the reasons set out in this opinion.
REVERSED AND REMANDED with directions.

ON PETITION FOR REHEARING
The petition for rehearing is denied. However, we certify the following question as one of great public importance.
SHOULD THE GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE AUTHORIZED BY UNITED STATES V. LEON, 468 U.S. 897, 104 S.CT. 3405, 82 L.ED.2d 677 (1984) BE APPLIED TO THE EXCLUSIONARY PROVISIONS OF THE FLORIDA WIRETAP LAW SET OUT IN CHAPTER 934, FLORIDA STATUTES (1985)?
ANSTEAD, GLICKSTEIN and GUNTHER, JJ., concur.
NOTES
[1] Conn. Gen. Stat. Ann. § 54-41k (West 1985).
[2] 3 Conn. App. 477, 489 A.2d 1060, cert. denied, 196 Conn. 806, 494 A.2d 903 (1985).
[3] The Spadaccino court explained that "[t]he Formica decision in 1985 was apparently the first authoritative state court interpretation of the 90-day notice requirement of § 54-41k. Both the search of Spadaccino's home on the basis of the information obtained through the wiretap and the mailing of notice to Spadaccino occurred in 1983, nearly two years before the Formica decision... . [A]ssuming that there was a statutory violation in the timing of the notice to Spadaccino, it occurred months after the good faith search and seizure." Spadaccino, 800 F.2d at 297.