543 So.2d 462 (1989)
Jim GILLUM, Sheriff of Pasco County, Florida, Appellant,
v.
ONE 1978 KENWORTH SEMI-TRUCK TRACTOR, VIN 260963J, FLA. LICENSE BTZ 516R, and One 1977 Utility Refrigerated Trailer, Vin 7L79908002, Fla. License Awo 93P, Alton and Jeannette Goodwin, Appellees.
No. 88-01517.
District Court of Appeal of Florida, Second District.
May 26, 1989.
*463 Norman A. Palumbo, Jr., and Leon H. Cannon, New Port Richey, for appellant.
Michael Jones of Jones and Escobar, P.A., Tampa, for appellees.
ALTENBERND, Judge.
The sheriff of Pasco County appeals a final judgment in favor of the Goodwins in a forfeiture proceeding brought to enforce section 932.702(1), Florida Statutes (1987). We reverse.
The sheriff filed a petition for rule to show cause and for final judgment of forfeiture which alleged that this tractor-trailer had been seized on September 25, 1987, because Mr. Goodwin and a colleague had used the motor vehicle to import at least thirty-seven pounds of marijuana into the Dade City area from Texas. The petition alleged that Mrs. Goodwin had knowledge of the transaction.
In addition to the verified petition, the sheriff presented evidence to support the respondents' ownership of the tractor-trailer and the facts upon which the sheriff reasonably believed that the tractor-trailer had been used to import marijuana. The evidence showed that an experienced detective in the narcotics unit was present on August 25, 1987, when marijuana was seized from a freezer in a shed located behind the residence of a third party, Mrs. Bryden. With Mrs. Bryden's cooperation, the detective determined that her ex-husband, Mr. Bryden, had driven the tractor-trailer to Texas, along with Mr. Goodwin, to sell plants and pick up a load of asparagus. While in Texas, Mr. Goodwin picked up three or four boxes from some people in a car. Mr. Bryden helped to load the boxes in the trailer and to hide them under some boxes of asparagus. Although Mr. Bryden did not see the contents of the boxes, Mr. Goodwin later told him that they contained marijuana. Mr. Goodwin also paid him an additional $1,000 to drive the tractor-trailer through an agricultural inspection checkpoint while Mr. Goodwin drove by the checkpoint in a separate vehicle.
When the two men returned to Dade City, they unloaded the boxes at the Goodwins' *464 home. Mr. Bryden did not see Mrs. Goodwin at the home when the boxes were unloaded. After the Texas trip, however, Mrs. Goodwin rented the freezer in the shed from Mrs. Bryden to store some "pork chops." It was this freezer in which the detective found the marijuana. After the sheriff's department confiscated the marijuana, Mr. Goodwin called Mrs. Bryden on the telephone and asked her to return the marijuana to his wife. On this evidence, the sheriff arrested Mr. and Mrs. Goodwin and Mr. Bryden in late September 1987, and seized the tractor-trailer.
The trial court correctly issued a rule to show cause in this case because the petition did allege a cause of action for forfeiture. In re Forfeiture of U.S. Currency in Amount of $5,300.00, 429 So.2d 800 (Fla. 4th DCA 1983). The trial court, however, erred by entering judgment against the sheriff without requiring the respondents to present evidence in support of their case. In his affidavits and through the evidence initially introduced at the final hearing, the sheriff did establish probable cause to believe that the tractor-trailer unit was used to transport contraband. It was not essential for the sheriff to seize the contraband directly from the motor vehicle. See U.S. v. Ogden, 703 F.2d 629, 635 (1st Cir.1983). The sheriff was entitled to establish probable cause based upon hearsay evidence. In re Forfeiture of 1983 Wellcraft Scarab, 487 So.2d 306 (Fla. 4th DCA), cause dismissed, 494 So.2d 1150 (1986). He was also entitled to rely upon circumstantial evidence and upon Mr. Goodwin's admission that the boxes contained marijuana. Lobo v. Metro-Dade Police Dep't, 505 So.2d 621 (Fla. 3d DCA 1987); § 90.803(18)(a), Fla. Stat. (1987).
Once the sheriff established probable cause, the burden of proof should have shifted to the respondents to rebut the probable cause showing or, by a preponderance of the evidence, to establish either that the forfeiture statute was not violated or that there was an affirmative defense which entitled the respondents to repossession of the property. In re Forfeiture of Approximately Forty-Eight Thousand Nine Hundred Dollars ($48,900.00) in U.S. Currency, 432 So.2d 1382, 1385 (Fla. 4th DCA 1983); In re Forfeiture of One 1982 Oldsmobile, 527 So.2d 838 (Fla. 4th DCA 1988). On remand, if the respondents are able to establish a defense by a preponderance of the evidence, the burden of proof would then return to the sheriff and he would be required to prove his right to forfeiture by the preponderance of the evidence. In re Forfeiture of 1983 Wellcraft Scarab.
Accordingly, we reverse the final judgment and remand this case to the trial court for a hearing in which the respondents are first required to prove their defense by a preponderance of the evidence prior to any additional evidence from the sheriff.
RYDER, A.C.J., and DANAHY, J., concur.