547 So.2d 628 (1989)
STATE of Florida, Petitioner,
v.
Arsenio GARCIA, Respondent.
STATE of Florida, Petitioner,
v.
John H. DAVIS, et al., Respondents.
Nos. 72929, 73048.
Supreme Court of Florida.
July 20, 1989.
*629 Robert A. Butterworth, Atty. Gen., and Deborah Guller and Celia A. Terenzio, Asst. Attys. Gen., West Palm Beach, for petitioner.
Samuel J. Rabin, Jr. and Arthur Joel Berger, Miami, for respondent Garcia.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for respondents Davis, et al.
BARKETT, Justice.
We have for review Garcia v. State, 536 So.2d 1048 (Fla. 4th DCA 1988), and Davis v. State, 529 So.2d 732 (Fla. 4th DCA 1988), in which the district court certified the following question to be of great public importance:
Should the good faith exception to the exclusionary rule authorized by United States v. Leon, 468 U.S. 897 [104 S.Ct. 3405, 82 L.Ed.2d 677] ... (1984) be applied to the exclusionary provisions of the Florida wiretap law set out in chapter 934, Florida Statutes (1985)?
Davis, 529 So.2d at 735. We have discretionary jurisdiction.[1] We approve the decisions of the district court and answer the certified question in the negative.
Garcia and Davis, among others, were codefendants charged with RICO and various cocaine offenses which stemmed from a court-authorized wiretap on the telephone located at Davis's residence.
All defendants moved to suppress evidence derived from illegal electronic surveillance, contending that the application and affidavit filed by the requesting police detective was fatally defective. Following an evidentiary hearing, the circuit judge denied defendants' motion and entered a written order in which he identified numerous misstatements and omissions in the application.[2] The order closed as follows:
The Court is troubled by [the Detective's] omissions and errors in this case, but finds that these were not the result of bad faith. Since the purpose of the exclusionary rule is merely to deter the police from further invasions of privacy, a good faith exception is applicable in those cases where officers apply for and receive a facially valid warrant. Such rule from U.S. v. Leon, [468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677] (1984) and U.S. v. Williams, 622 F.2d 830 (5th Cir.1980) compels the Court to deny all the motions to suppress. Were Leon's good faith exception not to apply to wiretap cases, then under the totality of the circumstances the Court would suppress all taped conversation.
The district court reversed and remanded, concluding that Florida's statutory scheme precluded the trial court from admitting the challenged evidence solely upon the *630 good faith exception in Leon. Davis, 529 So.2d at 735. We agree.
In Leon, the defendants sought to suppress evidence seized pursuant to a warrant issued by a magistrate. The trial court granted defendants' motions to suppress. It concluded that the underlying affidavit was insufficient to establish probable cause due to the unproven reliability of the confidential informant. The United States Supreme Court reversed. The Court declined to adopt a per se sanction for violations of the exclusionary rule and reasoned that the rule would not accomplish its deterrent effect when police seized evidence in reasonable, good faith reliance upon a search warrant which is later determined to be defective. Such evidence should therefore be admitted under an exception to the rule.
The Court recognized that the fourth amendment's exclusionary rule operates as "`a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.'" Leon, 468 U.S. at 906, 104 S.Ct. at 3411 (quoting United States v. Calandra, 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974)).
The exclusionary rule in this case, however, is statutorily mandated. Chapter 934, Florida Statutes, pertaining to security of communications, unequivocally expresses the Legislature's desire to suppress evidence obtained in violation of that chapter:
Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court ... if the disclosure of that information would be in violation of this chapter.
§ 934.06, Fla. Stat. (1985).
We concur with the opinion of the district court and adopt it in its entirety. We answer the certified question in the negative.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs with an opinion.
McDONALD, Justice, concurring.
I concur. Frankly, I believe that United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), is better law than the mandatory exclusion required by section 934.06, Florida Statutes (1985), but, because the statute is valid, we should follow it. I would suggest, however, that the legislature review this statute to determine if the automatic exclusion provision should continue.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] The misstatements and omissions specifically identified in the court's order include the actual date which the detective received information regarding the contact with a confidential "informant," the prior criminal record and partial unreliability of the "informants," the Detective's lack of actual participation in the execution of prior intercept orders, the failure to attach the pen register extension order as an exhibit, and error as to the actual date when the affidavit and order were signed.