ALTENBERND, Judge.
The defendants, Mr. and Mrs. Sutton, pled nolo contendere to various drug charges and reserved the right to appeal the denial of a dispositive motion to suppress evidence derived from a wiretap. We reverse because the wiretap was improperly authorized on stale evidence. The good faith exception does not allow the use of this evidence. State v. Garcia, 547 So.2d 628 (Fla.1989).
The sworn application for an order authorizing interception of communications from the defendants’ home telephone was filed on June 30, 1986, and the order authorizing interception was entered on that same date. The critical evidence supporting the application was derived from a pen register on the defendants’ home telephone.[1] The pen register was installed to monitor that telephone on March 3, 1986, and disconnected on April 15, 1986. During the seventy-five days between April 15 and June 30, the police did not pursue a continuing investigation of the defendants’ home or telephone. Although the record contains evidence of a modest investigation of potentially related drug activity in other locations, nothing in the sworn application indicated that this residential telephone was still the defendants' telephone on June 30, 1986, or that it was still being used in drug-related communications.
The trial court denied the defendants’ motion to suppress on the belief that the good faith exception to the exclusionary rule enunciated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), was applicable. This court’s opinion in State v. Bernie, 472 So.2d 1243 (Fla. 2d DCA 1985), approved, 524 So.2d 988 (Fla.1988), undoubtedly contributed to the trial court’s belief. The trial court found that the police had acted in good faith in applying for the warrant or in gathering their evidence either before the wiretap or during the wiretap. There is nothing in this record which would suggest that the police ever regarded the seventy-five-day hiatus as an obstacle to a lawful wiretap.
In an opinion issued subsequent to the trial court’s decision, the Florida Supreme Court held that the good faith exception described in Leon did not override the mandatory exclusion of evidence which is statutorily required by section 934.06, Florida Statutes (1985). Garcia. Thus, the evidence obtained through the wiretap in this case is admissible only if the earlier evidence obtained through the pen register did not lose its probative value to establish probable cause during the seventy-five-day delay in requesting the wiretap.
To enter an order authorizing interception of wire or oral communications, a judge must receive evidence establishing that there is “probable cause for belief that the facilities from which, or the place where, the wire or oral communications are to be intercepted are being used, or are about to be used, in connection with the commission of” an authorizing offense. § 934.09(3)(d), Fla.Stat. (1985) (emphasis supplied). See Rodriguez v. State, 297 So.2d 15 (Fla.1974). Although the law does not set any final or precise time beyond which evidence is too stale to establish probable cause for an ongoing offense, the case law suggests that the authorizing judge should cautiously consider evidence which is older than thirty days. Rodriguez. See, e.g., Annotation, Search warrant: sufficiency of showing as to time of occurrence of facts relied on, 100 A.L.R.2d 525 (1965); Annotation, When do Facts Shown as Probable Cause for Wiretap *1213 Authorization Under 18 USCS § 2518(3) Become “Stale”, 68 A.L.R.Fed. 953 (1984).
The staleness of the evidence can be examined more liberally if a long-standing pattern of criminal activity is involved. Hudson v. State, 368 So.2d 899 (Fla. 3d DCA), cert. denied, 378 So.2d 345 (Fla.1979). The facts in this case, however, are insufficient to justify the delay which occurred. The pen register had only been in place for six weeks when it was discontinued in April 1986. Earlier investigation suggested that the Suttons were involved in the importation and sale of illegal drugs, but did not establish an ongoing criminal venture. The authorizing judge should have required the police to renew the pen register or otherwise update the evidence connecting this residence and telephone to the criminal activity.
We join with Justice McDonald in encouraging the legislature to amend section 934.-06, Florida Statutes (1987), so that the good faith exception announced in Leon will apply to cases involving evidence obtained by wiretaps. Garcia, 547 So.2d at 630 (McDonald, J., concurring). There is no question in this case that the police acted in good faith and that the evidence.they collected would have supported convictions. The officers and the authorizing judge simply overlooked the time delay. The mandatory exclusion of this type of evidence is a high price for society to pay to preserve its legitimate need for privacy in lawful personal telephonic communications. Under existing law, we have no option except to reverse these convictions and sentences and order the suppression of the illegal evidence.
Reversed and remanded for proceedings consistent herewith.
FRANK, A.C.J., and PATTERSON, J., concur.

. See 1 W. LaFavfe, Search and Seizure § 2.7 (1987) (a thorough discussion of pen registers).