PARKER, Judge.
The City of Naples Police Department (the City) seeks review of a final order finding insufficient proof to support a forfeiture of Jeffrey Cooper’s vehicle and ordering the return of the vehicle to Cooper. We reverse and direct the trial court to enter an order of forfeiture.
The City filed its petition to forfeit a 1987 Chevrolet Corvette which was found to contain two pieces of rock cocaine on the driver’s front floor board. At the forfeiture hearing, a police officer testified to finding the rock cocaine in the vehicle. Cooper, the owner and driver of the vehicle, did not appear to submit any testimony or evidence. Instead, during final argument, Cooper’s attorney asked the court to take judicial notice of the testimony in the criminal trial which was held previously before the same judge. At the criminal trial, Cooper apparently had testified that he did not know the cocaine was in the car. The court had found Cooper not guilty of the criminal charge of possession of cocaine.
At the forfeiture hearing, the trial court, over the City’s objection, took judicial notice of the record in the criminal proceeding. The court then ruled that, although the owner “probably was guilty” and “probably can have the car forfeited,” “the state could not show beyond every reasonable conclusion that [Cooper] had knowledge that the narcotic was there.” The court then entered the order denying forfeiture.
The trial court erred in the burden of proof it placed upon the City. The standard of proof in civil forfeiture proceedings is the preponderance of the evidence standard. Gillum v. One 1978 Kenworth Semi-Truck Tractor, 543 So.2d 462 (Fla. 2d DCA 1989).
In this case, the lower court clearly enunciated that the standard of proof being applied was a showing “beyond every reasonable conclusion.” The trial judge stated that the owner of the vehicle “probably was guilty” and that he “probably can have the car forfeited.” By use of the word “probably,” we are satisfied that the judge was persuaded that there was more than a fifty percent likelihood of guilt, which satisfies the City’s burden of proof of its right to forfeiture by a preponderance of the evidence.
The trial court also erred in taking judicial notice of the proceedings in the criminal trial. Neither the record nor judgment in the criminal proceeding is admissible in the civil forfeiture proceeding. City of Tallahassee v. One Yellow 1979 Fiat, 414 So.2d 1100 (Fla. 1st DCA 1982); Knight v. State, 336 So.2d 385 (Fla. 1st DCA 1976), cert. denied, 345 So.2d 424 (Fla.1977).
Unlike Gillum, where we remanded the case to the trial court to permit the respondents a new hearing at which they could present evidence to rebut the sheriff’s case, Cooper is not entitled to a new hearing for that purpose. In Gillum, the trial court entered judgment against the sheriff without requiring the respondents to present evidence in support of their case. As the court in Gillum explained:
Once the sheriff established probable cause, the burden of proof should have *596 shifted to the respondents to rebut the probable cause showing or, by a preponderance of the evidence, to establish either that the forfeiture statute was not violated or that there was an affirmative defense which entitled the respondents to repossession of the property. (Citations omitted) ... [I]f the respondents are able to establish a defense by a preponderance of the evidence, the burden of proof would then return to the sheriff and he would be required to prove his right to forfeiture by the preponderance of the evidence.
Gillum, 543 So.2d at 464 (citation omitted).
In this case, the attorney representing Cooper appeared without Cooper, choosing to rely upon seeking judicial notice of a completed criminal trial, and presented no other contrary evidence. Under these circumstances, Cooper should not be given a second bite at the apple by way of a new hearing.
We reverse and remand with directions for the trial court to enter an order of forfeiture in favor of the City.
DANAHY, A.C.J., and PATTERSON, J., concur.