ALTENBERND, Judge.
The Florida Department of Law Enforcement (FDLE) appeals an order denying its petition for a rule to show cause in a proceeding to forfeit money obtained from a safe at a bar operated by John and Joseph Lazzara. We reverse. The petition adequately alleges a cause of action to forfeit the money. The affidavit attached to the FDLE’s petition provides “due proof” that the money was being used in violation of the Florida Contraband Forfeiture Act. § 932.704(1), Fla.Stat. (1989). As a result, a rule to show cause should have been issued, shifting the burden of proof to the Lazzaras to rebut the probable cause showing or to establish that all or a portion of the money was derived from lawful activity. Gillum v. One 1978 Kenworth Semi-truck Tractor, 543 So.2d 462 (Fla. 2d DCA 1989); Lobo v. Metro-Dade Police Dep’t, 505 So.2d 621 (Fla. 3d DCA 1987).
In 1988 and 1989, John and Joseph Laz-zara operated the Sahara Lounge and Package and the Dunes Lounge and Package. During an undercover police investigation involving several state and federal agencies, the FDLE discovered evidence that the Lazzaras were engaged in loan-sharking activities at these two locations. See § 687.071, Fla.Stat. (1989). This evidence was presented to a federal grand jury. The grand jury indicted the Lazzaras of racketeering, money laundering, and extortionate collection. The Lazzaras were arrested on these charges on January 16, 1990.
On the same day that the Lazzaras were arrested, a search warrant was executed on the Dunes Lounge. The police discovered a canvas bank bag in a floor safe. The bag contained $10,788, which is the subject of this forfeiture action. The bag also contained several slips of paper. Most of the slips appear to be informal promissory notes. Someone had written names, dates and monetary amounts on these slips. The named individuals appear to have signed these slips. One of the slips appears to record installment payments on “Calvin’s” loan. The calculations reflect 25% interest. A careful examination of the slips, however, establishes that the 25% interest is added to the principal on approximately a monthly basis — resulting in an annual interest rate in excess of 300%. The dates on the slips appear to reflect activity for the 23-month period between January 15, 1988, and December 12, 1989.
The FDLE filed an unverified petition for forfeiture of the money, attaching an affidavit of an FDLE agent. The affidavit revealed the names of the undercover police officers and detailed the evidence they had gathered between August 1988 and March 1989. The affidavit described the federal indictment and the search. Copies of the slips of paper were attached to the affidavit. The FDLE scheduled a hearing on its request for a rule to show cause and gave notice of the hearing to the Lazzaras. The Lazzaras’ attorney attended the hearing.[1]
At the hearing, the Lazzaras’ attorney primarily argued two issues.[2] First, he maintained that the petition must be veri *857 fied. The trial court rejected this argument. Second, he argued that the affidavit did not establish sufficient grounds to permit the issuance of a rule to show cause. He emphasized that the affidavit did not disclose any incriminating evidence that was gathered by the police after March 1989 and before the search of the safe. Accordingly, he theorized that the evidence was stale and did not establish a basis to connect the money to the alleged felonious conduct. This staleness argument is analogous to the argument that stale evidence will not provide probable cause for the issuance of a search warrant or a wiretap. See Sutton v. State, 556 So.2d 1211 (Fla. 2d DCA 1990). The trial court agreed that the evidence from the undercover officers was too old to connect the money to the alleged loan-sharking. Accordingly, it refused to issue the rule to show cause and proceed with the forfeiture action.
As a preliminary matter, we note that money is subject to forfeiture if it “has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, or [if it] is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act.” § 932.701(2)(e), Fla.Stat. (1989). Thus, the FDLE has the legal power to obtain these funds through forfeiture if it can establish that the funds were used as an instrumentality in the alleged felonious activity. The dispositive issues on appeal concern only the pleadings and proof necessary to require the issuance of a rule to show cause in such a forfeiture proceeding.
We agree with the trial court that a verified complaint is not essential for the issuance of a rule to show cause. In re Forfeiture of 1975 Mercedes Benz 450 SL, 455 So.2d 498 (Fla. 4th DCA 1984); see Bradenton City Police Dep’t v. $13,895.00, 535 So.2d 326 (Fla. 2d DCA 1988). In order to obtain the issuance of a rule to show cause, the seizing agency must fulfill two distinct requirements. First, it must plead a cause of action for forfeiture. Next, it must present due proof to support those pleadings. Although a verified complaint may frequently be a single adequate method to accomplish these two tasks, the statute does not compel a verified complaint. Experience suggests a verified complaint may not always be the best method to fulfill both requirements.
Like any other civil action, a petition for a rule to show cause in a forfeiture proceeding must allege a claim with a short and plain statement of the grounds for jurisdiction and a short and plain statement of the ultimate facts showing that the pleader is entitled to the requested relief. Fla.R.Civ.P. 1.110(b). If the factual basis supporting forfeiture is complex, as it frequently is when the relevant property is contraband only because of its connection to a felony, the evidence needed to establish due proof may be detailed. If these detailed facts were included within the complaint, it might cease to be a “short and plain” statement. The lengthy affidavit which was attached to the petition in this case is an appropriate mechanism to provide the due proof to support the pleadings. Accordingly, we hold that the petition adequately alleged a cause of action which could be proven through a separate affidavit.
The more difficult issue in this case concerns the level of proof required to establish “due proof.” We agree with the trial court that “probable cause” is the correct description of the seizing agency’s burden of proof. This court and other Florida courts have previously equated “due proof” with “probable cause.” Gillum; Bradenton City Police Dep’t; Lobo; In re Forfeiture of Approximately $48,900.00, 432 So.2d 1382 (Fla. 4th DCA 1983). We note that “probable cause” is also the standard used to describe the government’s burden of proof in a federal forfeiture proceeding pursuant to 21 United States Code 881. The federal courts have consistently defined “probable cause” as “reasonable grounds for belief of guilt, supported by less than prima facie proof but more than mere suspicion.” United States v. $364,960.00, 661 F.2d 319, 323 (5th Cir.1981); United States v. One 1979 Porsche Coupe, 709 F.2d 1424 (11th Cir.1983). That same *858 definition has been used in prior Florida forfeiture proceedings. Medious v. Department of Highway Safety & Motor Vehicles, 534 So.2d 729 (Fla. 5th DCA 1988), review denied, 542 So.2d 1333 (Fla.1989); In re Forfeiture of $62,200.00, 531 So.2d 352 (Fla. 1st DCA 1988); Lobo. We agree that this same standard should apply to determine “due proof” under section 932.704, Florida Statutes (1989).
Probable cause for civil forfeiture purposes, however, is not identical to probable cause for criminal purposes. See Navarro v. Kohan, 566 So.2d 895 (Fla. 4th DCA 1990) (“[T]rial court erred in applying criminal standard of proof in weighing the circumstantial evidence.”). Instead, it is a civil standard which weighs evidence available at the time of the forfeiture proceeding rather than the evidence available at the time of any search or arrest. See generally United States v. $144,600.00, 757 F.Supp. 1342 (M.D.Fla.1991); United States v. $41,305.00 in Currency and Traveller’s Checks, 802 F.2d 1339 (11th Cir.1986) (probable cause may be based on evidence which may include facts learned after the seizure of the money). In this ease, the trial court erred in analyzing probable cause from the perspective of the search and not from the perspective of the evidence available at the time of the forfeiture proceeding.[3]
At the time of the forfeiture proceeding, the FDLE’s evidence was sufficient to rise above the level of mere suspicion and to create a reasonable ground for the belief that the money was connected to loan-sharking activity. We recognize that, unlike the forfeiture of a vehicle used to conceal or possess any contraband article, the forfeiture of money requires a nexus between the money and a forfeitable offense. Compare State v. Crenshaw, 548 So.2d 223 (Fla.1989) with In re Forfeiture of $37,388.00, 571 So.2d 1377 (Fla. 1st DCA 1990). The seizing agency, however, is not always obligated to trace the money to a specific transaction. See $41,305.00 in Currency and Traveller’s Checks.
The connection between money and felonious activity which is sufficient to warrant the issuance of a rule to show cause must certainly be decided on a case-by-case basis. This court has authorized the issuance of a rule to show cause for a large amount of money, $13,895, found in the sock of a person in possession of rock cocaine. Bradenton City Police Dep’t. In Lobo, the Third District upheld a forfeiture concerning another large quantity of cash, $142,795, which was found in a bag inside the trunk of a car. Although no drugs were found in the car, a narcotics dog alerted to the money, and the owner of the cash had a dubious explanation for possessing the large amount of money.
By contrast, the First District reversed an order of forfeiture concerning a suitcase containing $36,060 when the money was not in close proximity to drugs and the quantity of drugs found during the search suggested drugs for personal use rather than sale. In re Forfeiture of $37,388.00. Likewise, the Third District reversed a forfeiture concerning $82,050 found in a closet of a home owned by a person who also rented a warehouse that contained forty-five kilograms of cocaine. Lamboy v. Metro-Dade Police Dep’t, 575 So.2d 1317 (Fla. 3d DCA 1991).
In this case, the amount of money and the nature of the bills are consistent with the operation of a lawful lounge. On the other hand, the fact that the money was found in the same bag as the slips of paper strongly suggests an ongoing loansharking operation with outstanding loans. A seizing agency may establish probable *859 cause through such circumstantial evidence. Bradenton City Police Dep’t; Lobo. At least one loan, which was documented inside the bag, had been made in the month preceding the search. The physical and temporal proximity of the money to evidence of this type of criminal activity, coupled with the remaining evidence in the affidavit, was sufficient to create due proof of a nexus between the money and the alleged felonious activity.
As a result of our holding, on remand the trial court should issue a rule to show cause to the Lazzaras. The rule to show cause will merely shift the burden of proof to them. The Lazzaras will still have the opportunity to produce banking and bookkeeping records of their legitimate business to demonstrate a lawful source for the funds in their safe. Cf. In re Forfeiture of $53,263.00, 159 Ill.App.3d 114, 111 Ill.Dec. 351, 512 N.E.2d 740, appeal denied, 117 Ill.2d 552, 115 Ill.Dec. 409, 517 N.E.2d 1094 (1987) (owner refuted a rebuttable presumption under Illinois law concerning money in a safe with drugs). At a minimum, they may be able to demonstrate that a portion of the funds are connected to lawful activities at the lounge. Cf. In re Reid, 60 B.R. 301 (Bankr.D.Md.1986) (owner established under Maryland law that $3,000 of a large amount of money came from a legitimate source). The Lazzaras will also have the right to establish by the greater weight of the evidence any other matter which establishes their entitlement to the funds.
Reversed and remanded.
FRANK, J., concurs.
SCHOONOVER, C.J., concurs in result only.

. We note that this procedure, while providing an extra measure of due process, is not contemplated by the statute. The reason the seizing agency typically relies on sworn proof is that the rule to show cause is issued ex parte. After the owner appears in the proceeding, the owner is given an opportunity to "rebut the probable cause showing” because the owner did not have that opportunity at the ex parte hearing. Gillum v. One 1978 Kenworth Semi-truck Tractor, 543 So.2d 462 (Fla. 2d DCA 1989).

. The Lazzaras also raised constitutional issues which the trial court did not need to resolve in light of its ruling. We decline to review these issues at this time.

. We emphasize that this opinion does not suggest that the evidence before the magistrate was too old to authorize a search in this case involving long-standing criminal activity. The Lazzar-as have not attempted to "suppress” this evidence in this proceeding. In re Forfeiture of $62,200.00, 531 So.2d 352 (Fla. 1st DCA 1988); In re Forfeiture of a 1981 Ford Auto., 432 So.2d 732 (Fla. 4th DCA), review denied, 441 So.2d 631 (Fla.1983); cf. United States v. $144,600.00, 757 F.Supp. 1342 (M.D.Fla.1991). The affidavit used to obtain the search warrant is not in the appellate record. We have no reason to assume that it is identical to the affidavit filed by the FDLE in this case.