ALTENBERND, Judge.
Timothy and Cynthia Fernandez appeal a final judgment ordering forfeiture of $8,489.00. We reverse and remand for a new hearing because the trial court relied upon a standard and burden of proof which the supreme court changed after the hearing in this case. Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991); In re Forfeiture of the Following Described Property, 1985 Mercedes Serial No. WDB7AQ4C1FF070173, 596 So.2d 1261 (Fla. 1st DCA 1992).
The City of Tampa Police Department filed this forfeiture action ten days after it had seized $8,489.00 in cash at the Fernan-dezes’ home. The cash was seized pursuant to a search warrant. During the search, the police found 8½ pounds of marijuana in a plastic bag on the kitchen floor. In other parts of the home, the police found a large bag of marijuana seeds, a triple beam scale, and other paraphernalia. The cash was found in bundles inside a candy jar on the kitchen table, and on the person of Mr. Fernandez.
At the forfeiture hearing on June 4, 1991, the police department established probable cause for the forfeiture. Mr. and Mrs. Fernandez then presented evidence that the cash related to a poorly documented real estate transaction. The trial court rejected the Fernandezes’ testimony concerning the real estate transaction and ordered forfeiture. The trial court’s ruling was entirely correct under the forfeiture procedures, the standard of proof, and the burden of proof required by this court at the time of the hearing. See In re Forfeiture of Ten Thousand Seven Hundred Eighty-eight Dollars $10,788.00 in U.S. Currency, 580 So.2d 855 (Fla. 2d DCA 1991); Gillum v. One 1978 Kenworth Semi-Truck Tractor, 543 So.2d 462 (Fla. 2d DCA 1989). Those requirements permitted a forfeiture if the state proved probable cause for the forfeiture and the owners did not rebut that showing by a preponderance of the evidence.
During the pendency of this appeal, the supreme court changed both the standard and the burden of proof. Real Property. In order for the Contraband Forfeiture Act, sections 932.701- .704, Florida Statutes (1989), to satisfy the due process requirements of article I, section 9, Florida Constitution, the supreme court held that the burden of proof must remain with the state, which must prove its case under the “clear and convincing” standard. Although Real Property was decided after judgment was entered in the trial court, this court must require the application of the new standards in this case. See In re Forfeiture of the Following Described Property, 1985 Mercedes; Fletcher v. Metro Dade Police Dep’t Law Enforcement Trust Fund, 593 So.2d 266 (Fla. 3d DCA 1992). Since the trial court did not have the benefit of these new standards, we reverse the judgment and remand for a new hearing in accordance with the standards set forth in Real Property.
We note that Real Property is a tacit example of the supreme court’s recent application of the “doctrine of primacy,” by which the court first reviews a constitutional issue under the Florida Constitution before reaching the United States Constitution. Traylor v. State, 596 So.2d 957 (Fla. *98 1992); see also Herrera v. State, 594 So.2d 275 (Fla.1992) (Kogan, J., concurring). Although the language and common law origins of the due process clauses in both constitutions are very similar, Real Property creates more stringent requirements under the Florida Constitution than the federal courts have created for comparable federal statutes under the United States Constitution. See United States v. Certain Real and Personal Property, 943 F.2d 1292 (11th Cir.1991); United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir.1991); United States v. One Parcel of Real Estate, 788 F.Supp. 561 (S.D.Fla.1992). The federal courts continue to use a standard and burden of proof comparable to those previously used by this court.
As a result, we reverse a forfeiture judgment today to protect the Florida constitutional rights of the appellants when the same judgment would have been affirma-ble under the federal standard. It remains to be seen whether this new state standard will result in greater protection for the constitutional rights of Floridians, or whether it will simply result in more Florida property subject to forfeiture in federal court by federal law enforcement agencies under the lesser federal standards. See generally United States v. Ucciferri, 960 F.2d 953 (11th Cir.1992) (federal court cannot dismiss a criminal case because it was filed there to avoid more restrictive Florida requirements concerning government use of informants, wire taps, or search warrants).
Reversed and remanded.
DANAHY, A.C.J., and CAMPBELL, J., concur.