609 So.2d 770 (1992)
Stephen P. CARLOUGH, Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. 91-03574.
District Court of Appeal of Florida, Second District.
December 11, 1992.
*771 Michael R.N. McDonnell, Naples, for appellant.
George A. Vaka and Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellee.
PARKER, Judge.
Stephen Carlough appeals the trial court's order denying Carlough's request for attorney's fees pursuant to section 627.428, Florida Statutes (1991).[1] We reverse.
In his amended complaint, Carlough alleged that fire damaged his boat, that Nationwide insured the boat, and that Nationwide refused to pay the money due him by virtue of the existing insurance policy. Carlough also sought attorney's fees for Nationwide's breach of the contract.
The jury found that Nationwide breached its contract of insurance with Carlough, decided the actual cash value of the vessel, and decided that the vessel was not a total loss as a result of the fire. The jury decided that the total cost of repairs was $68,287, over and above Nationwide's advance payments of $25,551.36, and awarded storage costs of $4,500. The trial court entered a final judgment in favor of Carlough in the amount of $72,787 and reserved jurisdiction to determine entitlement to attorney's fees and costs.
At the hearing for attorney's fees, Mr. Schold, Carlough's trial counsel, testified to the following facts. Nationwide authorized repairs of the boat and made some advance payments for these repairs. Thereafter, Nationwide suddenly ceased payments to allow work to proceed in a timely fashion. Carlough sent a letter to Nationwide, through his counsel, that demanded the issues be resolved within forty-five days. Nationwide failed to provide the covered benefits within that time frame, and the instant litigation was commenced after eight to ten months of effort to resolve the matter. Copies of the letters which Mr. Schold had sent to Nationwide were introduced into evidence.
Nationwide's attorney (Mr. Adams) advised the trial court prior to hearing testimony:
On behalf of Nationwide, we would object to any testimony with reference to a coverage issue in this case, because the Court, by its own words, submitted this case to the jury only on the issue of damages, and the verdict form itself indicated that Nationwide had paid $26,000 in previous payments towards the repair of the vessel and, therefore, coverage was never an issue. It was never denied that payments were made, and if the Court will recall the testimony that Nationwide only stopped making repairs when Mr. Schold sent a letter and told them to quit. What's the issue of coverage in this case, as far as 6.7428 [sic] is concerned?
We would object to any testimony from Mr. Schold or anybody else to get up there and rehash to this Court what the issues in this case were.
The trial court entered an order denying Carlough's motion for attorney's fees without setting forth the basis for its ruling.
Although this was an evidentiary hearing, Nationwide provided no admissible evidence to the trial court to support its position that Nationwide was not responsible for attorney's fees in this case. If there was a transcript or pleading from the proceedings in this case which supported its position, Nationwide did not seek to have the trial court take judicial notice under section 90.202(6), Florida Statutes (1991). Carlough provided evidence in support of his position. Because only Carlough provided evidence supporting his position at the hearing, he should prevail upon his motion for attorney's fees. Under the circumstances, *772 upon remand, Nationwide should not be given a second bite at the apple to present evidence which it failed to produce at the scheduled evidentiary hearing. See In re Forfeiture of 1987 Chev. Corvette, 571 So.2d 594 (Fla. 2d DCA 1990). "Somewhere the curtain must ring down on litigation." Broward County v. Coe, 376 So.2d 1222, 1223 (Fla. 4th DCA 1979).
Reversed and remanded with directions to the trial court to grant Carlough's motion for attorney's fees in an amount to be determined by the trial court.
LEHAN, C.J., and HALL, J., concur.
NOTES
[1] Appellant relies upon subsection one of that statute:

Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
§ 627.428(1), Fla. Stat. (1991).