UNITED STATES of America,
Plaintiff,

v.

ONE PARCEL PROPERTY LOCATED AT 7079 CHILTON COUNTY ROAD 37, CLANTON, CHILTON COUNTY, ALABAMA, with All Appurtenances and Improvements Thereon, Defendant.

No. Civ.A. 00D1084N.

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 27, 2000.

---

6. In some cases, certain factual disputes involving even qualified immunity have to be submitted to the jury.

John T. Harmon, Redding Pitt, United State's Attorney's Office, Montgomery, AL, for plaintiff.

Neil L. Hanley, Mobile, AL, for defendant.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff United States' Motion For Summary Judgment ("Mot."), filed October 5, 2000. The claimants, E.L. Tracy ("Tracy") and Lebra Renae Cleckler ("Lebra Cleckler"), (collectively "Claimants"), filed a Response ("Resp.") on October 23, 2000. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion For Summary Judgment is due to be granted.

### I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 21 U.S.C. § 801 *et seq.* The parties do not contest personal jurisdiction or venue.

### II. SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court construes the evidence and factual inferences in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). As the Supreme Court has explained:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing Fed.R.Civ.P. 56(c)).

**604**

The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548 (citing Fed. R.Civ.P. 56(c)). The mechanics of satisfying the initial burden vary depending upon which party, the movant or the nonmovant, bears the burden of proof at trial. *See Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993) (detailing the nature of the parties' responsibilities when preparing or defending against a motion for summary judgment).

Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his or] her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. In meeting this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*

*Indus. Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." FED.R.CIV.P. 56(e); *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348; *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348.

## III. FACTUAL BACKGROUND

The United States filed this civil forfeiture action on August 10, 2000, "seeking forfeiture of the Defendant property located at 7079 Chilton County Road 37, Clanton, Chilton County, Alabama, with all appurtenances and improvements thereon." (Mot. at 1.) The United States avers that the Defendant-property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). (*Id.*) Section 881(a)(7) provides, in part, for the forfeiture of certain real property, which was used, or intended to be used, in any manner, or part, to commit or to facilitate the commission of a felony controlled substance offense contained in 21 U.S.C. § 801 *et seq.*

The United States contends that the following facts and circumstances support the forfeiture of the Defendant-property: In December 1999, law enforcement agents received information from a confidential source ("CS") that Eddie R. Cleckler ("Cleckler"), Christopher W. Headley ("Chris Headley"; Cleckler's son-in-law), Pamela Jo Headley ("Pam Headley"; Chris Headley's wife and Cleckler's daughter), and Jeremy Allen Peters ("Peters") were distributing cocaine in the Chilton County, Alabama area.[1] (Compl.¶ 5.a.) The information revealed that Cleckler furnished Chris Headley with money to initially purchase the cocaine and Peters helped Chris Headley distribute the co-

---

1. "A verified pleading may be treated as an affidavit on summary judgment if it satisfies the standards of Fed.R.Civ.P. 56(e)." *United*

*States v. Four Parcels of Real Property,* 941 F.2d 1428, 1444 n. 35 (11th Cir.1991).

caine. (*Id.*) Law enforcement agents have an ongoing investigation that has verified the information received from the CS. (*Id.*)

On February 2, 2000, an undercover police officer ("UO") and the CS went to the residence of Chris and Pam Headley to purchase cocaine. (*Id.* at 5. b.) The Headleys were not there, so they proceeded to the residence of Cleckler, which is located on the Defendant-property. There, Pam Headley, in the presence of Cleckler, told the CS that the cocaine was at the residence of Chris and Pam Headley. (*Id.*) While at the Defendant-property, Pam Headley, with Cleckler still present, discussed getting someone who could cook "crack" cocaine for her. The UO and CS departed the Defendant-property and purchased approximately 25.1 grams of powder cocaine at the Headley residence.

On March 29, 2000, the CS called Cleckler, at the Defendant property and made arrangements to purchase "crack" cocaine. Later that same day, the UO and CS went to the Defendant-property and the CS purchased an unspecified amount of "crack" cocaine from Cleckler.

The claimants, Tracy and Lebra Cleckler, contend that based on the foregoing facts there is a genuine issue as to whether there is a substantial connection between the property and the alleged illegal transaction. (Resp. at 1.) Claimants further contend that they are innocent owners pursuant to 21 U.S.C. § 881(a)(7). (*Id.*) Finally, Claimants argue that this forfeiture amounts to an excessive fine in violation of the Eighth Amendment. (*Id.*)

## IV. DISCUSSION

A. *The United States' Burden*

■ At the summary judgment stage, the burdens of production and persuasion in § 881 forfeiture proceedings are well established by statute and case law. *See United States v. $121,100.00 in U.S. Currency*, 999 F.2d 1503, 1505 (11th Cir.1993); *United States v. One Parcel of Real Estate*, 963 F.2d 1496, 1499 (11th Cir.1992). When the United States moves for summary judgment in a § 881 civil forfeiture action, the initial burden rests with the United States to establish probable cause to forfeit the property. *See Four Parcels of Real Property*, 941 F.2d at 1439. If the United States fails to establish probable cause, summary judgment for the United States is improper.[2] *See id.* at 1439 (citing *United States v. Twenty (20) Cashier's Checks, Having the Aggregate Value of Two Hundred Thousand ($200,000) Dollars in U.S. Currency*, 897 F.2d 1567, 1570 (11th Cir.1990)). Upon a demonstration of probable cause, the burden of proof shifts to the claimant. To satisfy her burden, the claimant must prove, by a preponderance of the evidence, that the property is not subject to forfeiture; i.e. not connected or related to unlawful drug activity. *See Four Parcels of Real Property*, 941 F.2d at 1438 (citations omitted); *United States v. Lot 5, Fox Grove, Alachua County, Florida*, 23 F.3d 359, 364 (11th Cir.1994) (interpreting § 881(a)(7)). If the claimant does not meet this burden, the property is forfeited to the United States. *See id.* at 1439.

■ Whether the United States has demonstrated probable cause is a question of law. *See United States v. Four Million, Two Hundred Fifty–Five Thousand*, 762 F.2d 895, 903 n. 17 (11th Cir.1985); *United States · v. $364.960 in U.S. Currency*, 661 F.2d 319, 323 & n. 12 (5th Cir.1981).[3] The

**2.** The United States, as the moving party, bears the "initial responsibility of informing the ... court" why it believes it has probable cause for forfeiture. *See Four Parcels of Real Property*, 941 F.2d at 1439 n. 25 (citing *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548). Further, the court notes that when the issue of probable cause is decided on summary judg-

ment, "the court may determine probable cause based on all the evidence adduced by the [United States]; in essence, the court considers the [United States'] complaint to be amended to conform to the evidence." *Id.* at 1439 n. 24, 106 S.Ct. 2548 (citations omitted).

**3.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute

Eleventh Circuit has interpreted the probable cause requirement as "probable cause to believe that a substantial connection exists between the property to be forfeited and an illegal exchange of a controlled substance."[4] *United States v. A Single Family Residence and Real Property*, 803 F.2d 625, 628 (11th Cir.1986); *see also* *$121,100.00*, 999 F.2d at 1505; *United States v. Real Property and Residence*, 921 F.2d 1551, 1556 n. 8 (11th Cir.1991) (interpreting § 881(a)(7)). The United States is not required to "actually prove by a preponderance of the evidence a substantial connection to drug dealing," *Four Parcels of Real Property*, 941 F.2d at 1440 (quoting *United States v. $41,305.00 in Currency & Traveler's Checks*, 802 F.2d 1339, 1343 (11th Cir.1986)), but, rather, needs only establish " 'reasonable ground for belief' that a substantial connection exists between the Defendant-property to be forfeited and an illegal exchange of a controlled substance." *$121,100.00*, 999 F.2d at 1506 (citations omitted).

This burden is "less than prima facie proof but more than mere suspicion." *$121,100.00*, 999 F.2d at 1506 (citations omitted); *United States v. One Single Family Residence*, 933 F.2d 976, 979 (11th Cir.1991). Moreover, "[t]he existence of probable cause is judged 'not with clinical detachment, but with a common sense view

to the realities of normal life.' " *A Single Family Residence*, 803 F.2d at 628 (quoting *Four Million, Two Hundred Fifty-Five Thousand*, 762 F.2d at 904). The probable cause analysis is flexible with the court focusing on the "totality of the circumstances." *$121,100.00*, 999 F.2d at 1506 (citations omitted); *A Single Family Residence*, 803 F.2d at 629 n. 2. Furthermore, "[p]robable cause may be established by circumstantial evidence and hearsay testimony." *United States v. One Parcel Property*, 842 F.Supp. 1421, 1426 (M.D.Ala. 1994) (citing *A Single Family Residence*, 803 F.2d at 629 n. 2; *United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars*, 661 F.2d 319, 325 (5th Cir. Unit B 1981)).[5]

The particulars of the probable cause analysis of § 881(a)(7) are succinctly stated in *United States v. One Parcel of Real Estate*, 852 F.Supp. 1013 (S.D.Fla.1994). According to the Court,

A direct connection between the property subject to seizure and the illegal activity that renders property forfeitable need not be shown in order to establish probable cause. "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." "Probable cause" is more commonly used in the

---

binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

**4.** Two standards exist in the United States Courts of Appeals as to what the United States must prove to establish probable cause for forfeiture of real property under § 881(a)(7). One standard sets forth that the United States must prove that the real property had a "substantial connection" to the illegal activity. The other merely requires that the United States demonstrate a "nexus" between the seized property and the illegal activity. *United States v. One Parcel Property*, 842 F.Supp. 1421, 1426 n. 10 (M.D.Ala.1994) (summarizing the views of the different Circuits).

The Eleventh Circuit has not expressly adopted either a "substantial connection" standard nor a "nexus" standard for forfeiture under § 881(a)(7). *United States v. Ap-*

*proximately 50 Acres of Real Property*, 920 F.2d 900, 902 (11th Cir.1991) (per curiam). However, "[t]he Eleventh Circuit ... has recognized that district courts within the Circuit are applying the substantial connection test in actions under § 881(a)(7), thus extending its holding that the test applies in forfeiture actions under 21 U.S.C. § 881(a)(4) and § 881(a)(6)." *One Parcel Property*, 842 F.Supp. at 1426 n. 10. Thus, the court will apply the substantial connection test to § 881(a)(7).

**5.** Decisions of the former Fifth Circuit, Unit B, rendered after September 30, 1981, are binding precedent in the Eleventh Circuit. *See United States v. Four Million, Two Hundred Fifty-Five Thousand*, 762 F.2d 895, 903 n. 15 (11th Cir.1985) (citing *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982)).

search and seizure context, but its meaning here is no different: the government must supply evidence that, under the totality of the circumstances, establishes reasonable grounds for believing that the property facilitated the sale of drugs. "Facilitate" means to make the illegal activity "easy or less difficult."

*Id.* at 1033 (internal citations omitted). The court went on to note that the term "facilitate" should be "broadly construed and should include a situation in which property is used as a cover for drug trafficking." *Id.* (citing *United States v. Rivera,* 884 F.2d 544, 546 (11th Cir.1989)). Further, the court noted that the Eleventh Circuit has determined that "property is 'intended to be used' for an illegal activity when a person contemplates using the property in the future, and that person actually takes some 'minimum initial step' to use the property." *Id.* (citing *United States v. One 1980 Bertram 58' Motor Yacht,* 876 F.2d 884, 887–88 (11th Cir. 1989)).

■ In this case, the court finds that the United States has established probable cause that the Defendant-property was used to facilitate transactions involving controlled substances. *See also United States v. One Parcel of Real Estate,* 768 F.Supp. 340, 344 (S.D.Fla.1991) (finding probable cause that residence was substantially connected to prohibited narcotics transaction based on evidence that narcotics transaction took place in residence and that cocaine, marijuana, and narcotics paraphernalia were found in residence). On February 2, 2000, a drug sale was negotiated on the Defendant parcel, and on March 29, 2000, a sale was negotiated and drugs were sold on the Defendant parcel. The court finds these incidents provide more than a " 'reasonable ground for belief' " that a substantial connection exists between the Defendant-property to be forfeited and an illegal exchange of a controlled substance. *$121,100.00,* 999 F.2d at 1506 (citations omitted). Thus, the court

finds that the United States has met its burden of showing probable cause.

**B.  *Claimants' Burden***

The court must next look to whether Tracy and Lebra Cleckler have proven by a preponderance of the evidence that a reasonable jury could find that the Defendant-property is not subject to forfeiture. *See United States v. $41,305.00 in Currency & Traveler's Checks,* 802 F.2d 1339, 1343 n. 6 (11th Cir.1986); *United States v. One Single Family Residence,* 933 F.2d 976, 979 (11th Cir.1991); *Four Parcels of Real Property,* 941 F.2d at 1439. Claimants attempt to meet this burden by rebutting the United States' evidence and by showing that they were innocent owners. *See United States v. Route 2, Box 472, 136 Acres More or Less,* 60 F.3d 1523, 1525 (11th Cir.1995). They also argue that the forfeiture violates the Eighth Amendment. The court will address each argument in turn.

*1.  The "Substantial Connection" Argument*

In order to prevent forfeiture, Claimants attempt to rebut the United States' showing of probable cause. Specifically, Claimants argue that "the forfeiture statute is aimed at property that is substantially connected to major drug offenses." (Resp. at 2.) Claimants contend that the two incidents involving the Defendant-property are insufficient to "substantially connect" the Defendant-property to the underlying drug offenses. The court disagrees.

The cases upon which Claimants rely are distinguishable from the instant case. In *United States v. Certain Lots in Virginia Beach, Virginia,* the court found that there was not a "substantial connection" between the subject property and the criminal activity. 657 F.Supp. 1062, 1065 (E.D.Va.1987). The court explained that the uncontested evidence revealed that the cocaine was present in the house for "a few hours at most" and was only brought from the offender's place of work to his home

because the informant insisted the transaction take place there. *Id.* The property was "merely incidental" to the drug sale because the illegal activity would have occurred at the offender's work place or another agreed upon meeting place but for the informant's insistence that the meeting occur at the subject property. In the instant case, without the prompting of an informant, two drug deals were negotiated on the Defendant-property and one drug sale occurred on the Defendant-property. Thus, unlike in *Certain Lots,* the Defendant-property was not merely incidental to the illegal activity.

Claimants also incorrectly rely upon *United States v. Twelve Thousand Five Hundred Eighty–Five Dollars,* 669 F.Supp. 939 (D.Minn.1987), to support their argument that there is not a "substantial connection" between the Defendant-property and the alleged illegal activity. Specifically, Claimants assert that "the court granted the claimant's motion for summary judgment even though the search of the claimant's home revealed $12,585 in currency, several pistols, a triple beam scale, drugs and other drug paraphernalia." (Resp. at 2.) The court notes that, although Claimants fail to point it out, the Eighth Circuit overturned the district court's decision and ultimately held that the house was subject to forfeiture. *See United States v. Twelve Thousand Five Hundred and Eighty Five Dollars,* 869 F.2d 1093, 1096 (8th Cir.1989). Indeed, the Court explicitly rejected the claimant's "de minimis" argument that, because only one drug transaction involving a small quantity of cocaine occurred on the Defendant-property, there was not a "substantial connection." *Twelve Thousand,* 869 F.2d at 1096.

In the instant case, the court finds that the forfeiture of the Defendant-property is not outside the "spirit or intent of the law." *Id.* Specifically, the court finds that there is no requirement that the United

States present evidence of a "continuing drug business or ongoing operation", in order to show a "substantial connection." *Id.* The court agrees that if persons "'make real property available as a situs for an illegal drug transaction, it is forfeitable.'" *Id.* (citing *United States v. 26.075 Acres,* 687 F.Supp. 1005, 1014 (E.D.N.C. 1988)). Section 881(a)(7) only requires "a violation" for forfeiture, and clearly the two incidents in the instant case satisfy this requirement. Thus, the court finds that Claimants' argument fails to rebut the United States' showing of probable cause.

#### 2. *The Innocent Owner Defense*

■ Under the innocent owner defense, "... no property shall be forfeited ... to the extent of the [an] interest of an owner, by reason of any act or omission established by the [that] owner to have been committed or omitted without the knowledge or consent of that owner." 21 U.S.C. § 881(a)(6) & (7). There is an apparent intra-circuit split concerning whether the language "without the knowledge or consent of the owner" should be read disjunctively or conjunctively. *Compare United States v. One Single Family Residence,* 995 F.2d 1558, 1560 (11th Cir.1993) and *United States v. 15603 85th Ave. North, Lake Park,* 933 F.2d 976, 981 (11th Cir. 1991) (holding that to succeed on the innocent owner defense, a claimant must prove both that he or she had not knowledge of the illegal act *and* that he or she did not consent to the illegal activities) *with United States v. One Parcel of Real Estate, Germantown Road,* 963 F.2d 1496, 1500 (11th Cir.1992) (holding that a claimant may show either lack of knowledge or lack of consent to qualify as an innocent owner).[6] In the instant case, the court must adopt the reading set forth in *United States v. 15603 85th Ave. North, Lake Park,* 933 F.2d 976, 981 (11th Cir.1991). *See Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072 (11th Cir.2000) (holding that

**6.** This intra-circuit split was acknowledged but not resolved in *United States v. Real Estate.*

*at 6640 SW 48th St.,* 41 F.3d 1448, 1452 (11th Cir.1995).

where two prior panel decisions conflict, the Court of Appeals is bound to follow the oldest one until the earlier decision is overruled en banc or by the Supreme Court) (citing *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir.1998) (en banc)). Thus, in order to prevail with the innocent owner defense, Claimants must demonstrate both lack of knowledge and lack of consent.

■ In determining whether Claimants have demonstrated lack of knowledge and lack of consent, the standard set forth in *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), governs. *See United States v. One Parcel of Real Estate*, 963 F.2d 1496, 1504 (11th Cir.1992) (applying the *Calero–Toledo* standard to § 881(a)(7) proceeding). Under the *Calero–Toledo* standard, the innocence of the claimant, in and of itself, is an insufficient defense to forfeiture. *See United States v. One (1) 1983 Homemade Vessel Named Barracuda*, 625 F.Supp. 893, 898 (S.D.Fla.1986) (citing *United States v. One 1957 Rockwell Aero Commander 680 Aircraft*, 671 F.2d 414, 417 (10th Cir.1982)). Rather, to prevail on the defense of innocent ownership, a claimant must establish the following three elements: that "(1) he was not involved in the wrongful activity, (2) he was not aware of the wrongful activity, and (3) he had done all that reasonably could be expected to prevent the proscribed use of the property."[7] *United States v. One (1) 1981 65' Skokum Motor Sailor Ketch Named Silurian*, 717 F.Supp. 1546, 1550

(S.D.Fla.1989) (citing *Calero–Toledo*, 416 U.S. at 663, 94 S.Ct. 2080).

■ In their affidavits, Claimants contend they "had absolutely no knowledge of any illegal activity" occurring on the Defendant-property. They further aver that they "did not participate in any illegal activity and would not condone or allow any illegal activity" on the Defendant-property. By these statements, Claimants have satisfied the first two elements of the innocent owner defense. Thus, the court turns to the third element of the *Calero–Toledo* standard.

For purposes of § 881(a)(7), the third element requires Claimants "to show that [they] took all reasonable steps to prevent the illegal use of [their] property." *One Parcel of Real Estate*, 963 F.2d at 1505. Specifically, they must do "everything that [they] could reasonably be expected to do to prevent the subject property from being used to commit, or to facilitate the commission of violation of the drug laws." *Id.* This element requires Claimants to show that " 'everything reasonably possible was done' to disentangle the property from the illegal activity." *Id.* at 1504 (quoting *United States v. 15603 85th Avenue North*, 933 F.2d 976, 982 (11th Cir.1991)).

The court stresses that this standard does not require Claimants to make all efforts to prevent the illicit use of the Defendant-property, but rather, they "need merely make all reasonable efforts."[8] *Id.* In defining "reasonable ef-

---

7. The background of the "reasonably could be expected" language of the *Calero–Toledo* standard has been summarized by the Eleventh Circuit as follows:

The "all reasonable efforts" language is derived from *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 686, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), in which property had been seized pursuant to a Puerto Rican forfeiture statute. In that case, the Supreme Court [of the United States] noted, in dictum, that it might be "difficult" to reject the constitutional claim of an owner whose property has been subject to forfeiture, when that owner has

proven not only that he was uninvolved in and unaware of wrongful activity, but who has proven that he has done all that reasonably could be expected to prevent the proscribed use of his property. *Id.*

*One Parcel of Real Estate*, 963 F.2d at 1504.

8. The Eleventh Circuit has stated that "reasonableness limits the burden" of demonstrating lack of consent. *Id.* at 1505 (quoting *United States v. Forfeiture, Stop Six Center*, 781 F.Supp. 1200, 1209 n. 6 (N.D.Tex.1991)). The reasoning behind this limitation is that "an owner cannot 'reasonably' be expected to succeed at preventing illegal use of his prop-

forts," the Eleventh Circuit has stated as follows:

> The reasonable efforts criteria can be satisfied by contacting and cooperating with law enforcement authorities, especially when a claimant is unable to halt the drug traffic on his own. 'Although we do not require claimants to work alongside these agents in their effort to combat drug dealers, we insist that claimants under no immediate threat of reprisal either communicate their knowledge to police, or attempt to remove themselves from the scene of illegal activity.'

*Id.* at 1506 (quoting *United States v. Sixty Acres in Etowah County,* 930 F.2d 857, 861 (11th Cir.1991)). Other specific efforts which have been deemed reasonable include "nail[ing] windows shut, put[ting] locks on doors, kick[ing] . . . drug addicted children out of the house, and . . . encourag[ing] . . . drug-addicted children to attend drug treatment programs." *Id.* at 1505–06 n. 8. The court also emphasizes that in deciding whether a claimant has taken all reasonable steps, it must view the facts in light of the claimant's individual situation and personal limitations. *See United States v. One Parcel Property,* 797 F.Supp. 933, 938 (M.D.Ala.1992).

In applying the foregoing standards, the court finds that Claimants have failed to mention any steps they took to discourage illicit activity on the Defendant-property or to disentangle the property from the illegal activity. In the instant case, Claimants' mere assertions of innocence and general statements of their opposition to illegal activity are not enough to satisfy *Calero–Toledo*'s demanding test of innocence. *See One 1983 Homemade Vessel Named Barracuda,* 858 F.2d at 648. Claimant have not indicated that they took any steps to prevent the illegal use of their property. Although Claimants contend they were not aware of the activity until

contacted by law enforcement after the fact, Claimants have not articulated any steps they have taken to cooperate with law enforcement or to discourage the illegal activity after becoming aware of it. Hence, the court concludes that Claimants have not set forth evidence sufficient to avoid a § 881(a)(7) forfeiture.

### 3. *Excessive Fine In Violation of the Eighth Amendment*

■ Finally, Claimants contend that the forfeiture of the Defendant-property constitutes an excessive fine in violation of the Eighth Amendment. In order to prove this contention, Claimants must demonstrate that "the forfeiture is (1) a fine and (2) excessive." *United States v. 817 N.E. 29th Drive, Wilton Manors, Florida,* 175 F.3d 1304, 1309 (11th Cir.1999). However, because the Supreme Court has established that a forfeiture under § 881(a)(7) constitutes a fine, *see Austin v. United States,* 509 U.S. 602, 622, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), Claimants sole burden is to prove the fine in the instant case is excessive.

In determining the excessiveness of a fine, the court must consider the range of fines for the offense involved. If the value of the forfeited property is within or near the range of the fines authorized by Congress and the United States Sentencing Commission, then "a strong presumption arises that the forfeiture is constitutional." *United States v. Dicter,* 198 F.3d 1284, 1292 (11th Cir.1999); *see also Wilton Manors,* 175 F.3d at 1309. The personal impact of a forfeiture upon the claimants is not a factor in determining whether the forfeiture violated the Eight Amendment. *See Dicter,* 198 F.3d at 1292.

In the instant case, the Defendant-property facilitated the sale of 25.1 grams of powder cocaine and an unstated quantity of "crack" cocaine. (Compl.5.a.) The Claimants assert that the property is val-

---

erty when the police have been incapable of doing the same. Courts 'do not expect the common land owner to eradicate a problem

which our able law enforcement organizations cannot control.' " *Id.* (citations omitted).

ued at between $125,000 and $150,000. (Resp. at 3.) Applying the sentencing guidelines, the amount of cocaine powder and base involved here results in a base offense level of 22. *See* U.S.S.G. § 2D1.1. The maximum fine range set by the United States Sentencing Commission for a level 22 offense is $75,000. *See* U.S.S.G § 5E1.2. The statutory maximum fine is $1,000,000. 21 U.S.C. § 41(b)(1)(C).

Here, the maximum statutory fine is well in excess of the value of Claimants' property and, thus, is not disproportionate to the crime. Moreover, while the value of the Claimants' property exceeds the maximum guidelines fine, this fact does not warrant a finding that the fine is excessive for two reasons. First, the court finds that a $110,000 to $150,000 fine (i.e., the value of the Defendant-property) is near the maximum guidelines fine and, thus, not "grossly disproportional" to the severity of the crime charged. *Wilton Manors,* 175 F.3d at 1309 (quoting *United States v. Bajakajian,* 524 U.S. 321, 334, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998)) (holding that forfeiture of property valued at $70,000 was not an excessive fine where the guidelines imposed a fine of $50,000 with a statutory maximum of $1,000,000); *see also United States v. 427 & 429 Hall St.,* 74 F.3d 1165, 1172–73 (11th Cir.1996) (holding that forfeiture of property valued at $65,000 was not excessive where the maximum fine under the sentencing guidelines was $40,000). Second, where, as here, the maximum statutory fine exceeds $250,000, the sentencing guidelines provide that the maximum guidelines fine "does not apply" and "the court may impose a fine up to the maximum authorized by the statute." U.S.S.G. § 5E1.2(c)(4). Thus, the sentencing guidelines provide for a fine up to $1,000,0000. Based on the foregoing, the court finds that a fine based on the value of the Claimants' property is commensurate with the crime and does not violate the Eighth Amendment.

## IV. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that United States' Motion For Summary Judgment be and the same is hereby GRANTED. A judgment in accordance with the Memorandum Opinion And Order will be entered separately.